[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff signed a binder to purchase a home in Weston for the purchase price of $479,000. This was the seller's asking price for the home. The binder was subject to the contingency of a home inspection. The plaintiff hired the defendant to perform the home inspection. The inspection was performed in June. The plaintiff purchased the home in August. Upon occupying the home the plaintiff found that there were defects in the home about which she had been unaware. The principal CT Page 3393 problem was with the roof. The plaintiff sued the seller for misrepresentation related to the roof and the well. She settled that suit for $11,000 and thereupon commenced this action.
This action is against the defendant House Smart, Inc., a home inspection company, and John Shuck, the person who performed the inspection. Her multi-count complaint alleges negligence, gross negligence, breach of contract, unjust enrichment, negligent misrepresentation, fraudulent misrepresentation, a violation of the Connecticut Unfair Trade Practices Act (CUTPA) codified as General Statutes § 42-110a et seq. The plaintiff also seeks to impose personal liability on the individual defendant, who actually performed the inspection, by piercing the corporate veil.
In connection with this action, the plaintiff has sought a prejudgment remedy.
Having heard the parties, the court finds that there is probable cause that the plaintiff was negligent only in his inspection of the roof (its general condition and its sagging at one corner).
The court does not credit the plaintiffs' testimony that the fair market value of the house at the time she purchased it was only $400,000.
The issue of damages is problematical. "It is axiomatic that damages recoverable in tort must be proximately caused by the defendant's tortious conduct." Solomon v. Aberman, 196 Conn. 359, 385
(1985). The defendant was not a builder nor was he an insurer. It does not follow that simply because the home inspector was negligent that the plaintiff suffered any damages. Although the plaintiff undoubtedly relied on the defendant's report, she may have purchased the property notwithstanding the defects, even if she were unable to negotiate a lower purchase price.
It is significant that it was the roof which was negligently inspected. That is a major item in the purchase of any home. It also is significant that the plaintiff was able to negotiate a reduction in the purchase price with the sellers based on an unrelated item and that the sellers paid $11,000 in settlement of the lawsuit against them. There is, therefore, evidence that the sellers would have reduced their asking price had the plaintiff confronted them with her knowledge of the true condition of the roof.
The plaintiff expended $17,083 to repair her roof. The sellers CT Page 3394 paid her $11,000 in settlement of her claim of negligent misrepresentation of the condition of the roof and the well. There is no evidence as to what portion of the settlement was ascribable to the well. However, the actual cost to repair the well was $1,895.
As so often is the case, "[t]here [are] numerous questions remaining to be resolved at the trial with respect to both the factual and legal efficacy of the plaintiff's claims but "these questions d[o] not militate against a finding of probable cause." Three S. DevelopmentCo. v. Santore, 193 Conn. 174, 178-179 (1984). The corporate defendant did not exist at anytime relevant hereto for technical reasons, but the court finds that there is probable cause that a judgment will be rendered in favor of the plaintiff against the defendant John Shuck in the amount of $7,000 on the first count of the complaint only.
BY THE COURT, LEVIN, JUDGE